UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Case No. 1:17-cv-02230<br><br>(Bankruptcy Appeal) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | **TRUSTEE'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Irving H. Picard, the trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*., and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, respectfully submits this Notice of Supplemental Authority to advise the Court of the Summary Order (the "Order") issued on June 27, 2018 by the United States Court of Appeals for the Second Circuit in *A&G Goldman Partnership v. Picard, et al.*, No. 17-512 (2d Cir. June 27, 2018) (ECF No. 103-1) (the "*Goldman III* Decision," a copy of which is attached hereto as Exhibit A). The *Goldman III* Decision further supports the Trustee-Appellee's Brief in the above-captioned proceeding ("*Fox-Marshall III*").

In the *Goldman III* Decision, the Second Circuit affirmed the judgments of the bankruptcy court and the district court, enforcing the same injunction on the same securities law claim against the same third-party defendants as here. Despite the labeling of their claim as a securities law claim, the Second Circuit in *Goldman III* held that the "gravamen" of the

complaint was "nothing more than that the Picower [Parties] fraudulently withdrew money from BLMIS," which is "inseparable from, and predicated upon, [the] legal injury to the estate." (*Goldman III* Decision at 8.)  Moreover, the Court held that allegations that the Picower Parties "propped up" the Ponzi scheme through loans and that Jeffry Picower agreed to be named as a counterparty to options transactions knowing that such a representation would be untrue—allegations substantively identical to those in the *Fox-Marshall III* complaint—do not plead "control" under Section 20(a) of the 1934 Act because the allegations were "conclusory" and pled only that Picower understood "that his participation would result in the dissemination of false information, not that he actually directed [such action]."  (*Id.* at 9.)  Accordingly, the Second Circuit held that "the facts alleged . . . do not give rise to a colorable claim that Picower controlled BLMIS" and thus, the substance of the allegations "still amounts to only a derivative, fraudulent transfer claim."  (*Id.* at 8.)

The Court further distinguished its prior decision in *Picard v. JPMorgan Chase & Co. (In re BLMIS)*, 721 F.3d 54 (2d Cir. 2013), which is also relied upon by Appellants in the instant action, on the grounds that the *JPMorgan* action did not involve securities law claims, and was based on harm arising from individualized transactions with the bank.  (*Id.* at 10-11.)

The Second Circuit's decision is directly applicable to the instant appeal.  The bankruptcy court's decision should be affirmed.

Dated:  New York, New York  
       July 2, 2018

Respectfully submitted,

  */s/ Deborah H. Renner*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com

        Deborah H. Renner
Email: drenner@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Ferve E. Khan
Email: fkhan@bakerlaw.com