**CHAITMAN LLP**
Helen Davis Chaitman, Esq.
Lance Gotthoffer, Esq.
465 Park Avenue
New York, NY 10022
Phone & Fax: (888) 759-1114
hchaitman@chaitmanllp.com
lgotthoffer@chaitmanllp.com

*Attorneys for Plaintiffs-Appellants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, individually and on behalf of a class of similarly situated Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                Plaintiff,<br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                               Defendant. | Case No. 1:17-cv-02230<br><br>(Bankruptcy Appeal) |
| In re:<br>BERNARD L. MADOFF,<br>                               Debtor. | |

**APPELLANTS' RESPONSE TO TRUSTEE'S NOTICE OF FILING OF**
**SUPPLEMENTAL AUTHORITY**

      Plaintiffs- Appellants respectfully submit this response to the Trustee's Notice of Filing of Supplemental Authority dated July 2, 2018.

      The Trustee's Notice is predicated upon the Second Circuit's summary decision in *A&G Goldman Partnership v Picard* (2d Cir. June 27th 2018) ("*Goldman III*"). But that decision does not support the Trustee's arguments. Indeed, it is more helpful to Appellants than to the Trustee.

      This is shown by the Trustee's Notice, which summarizes the holding of *Goldman II*I thus:

{00036743 5 }

> [T]he Second Circuit in *Goldman III* held that the "gravamen" of the complaint was "nothing more than that the Picower [Parties] fraudulently withdrew money from BLMIS….."(*Goldman III* Decision at 8.). Moreover, the Court held that allegations that the Picower Parties "propped up" the Ponzi scheme through loans and that Jeffry Picower agreed to be named as a counterparty to options transactions knowing that such a representation would be untrue—allegations substantively identical to those in [this case] ("*Fox-Marshall III*") …do not plead "control"… because the allegations were "conclusory" and pled only that Picower understood "that his participation would result in the dissemination of false information, not that he actually directed [such action]." (*Id*. at 9.)

Notice at 1-2. But this has nothing to do with Appellants' Complaint in this case. . .

In *Fox v Marshall II*, 568 B.R. 203 (Bankr. S.D.N.Y. 2017) the court (Koeltl, J) found the same deficiencies existed in the complaint there and rendered it derivative in nature. And, the court laid out a roadmap for how to remedy those deficiencies. Appellants scrupulously followed that roadmap in crafting the Complaint now before this Court. It is a Complaint deliberately and fundamentally different from the Goldman pleading and which properly pleads a non-derivative claim under the criteria set out in *Goldman III*. Thus, as the Trustee acknowledges, the *Goldman III* complaint did not allege that Picower actually created or directed Madoff's fraudulent activities, *Goldman III* at 9; conversely, Appellants have indisputably done just that. Appellants specifically claim, based on Madoff's deposition and declaration — which do not appear to have been before the Second Circuit in Goldman—that Picower created and directed Madoff's fraudulent scheme. In Madoff's words:

> Post 1990, I was put under enormous financial pressure by Jeffrey Picower, who created the fraud I perpetrated and who was, by far, the primary beneficiary of the fraud. In order. to raise money, I began to defraud my customers….

Madoff Dec ¶ 4 (AA 576). Accord, TAC ¶¶ 6-8, 54-56 (AA104, AA115 – AA117) (citing Madoff Deposition).

Further, Appellants made detailed, non conclusory factual averments in respect of how Picower directed Madoff's employees to create false records and how they did so at Picower's command. Pl. Opening Brief Br at 9-10, citing Complaint at Paras. 82-86 (AA121 – AA123).

The gravamen of the complaint in *Goldman III* was Picowers' withdrawal of funds from his own account. Not so here. Appellants expressly agreed the Court could disregard the fact Picower withdrew money from his own account for purposes of the derivative analysis and even if it did so, Appellants' claim would still be properly termed non-derivative.

> Plaintiffs do not seek recovery based on the effects of the monies fraudulently transferred to the Picower Defendants by Madoff or on the fact that Madoff prepared and sent to customers fraudulent documents to conceal those transfers. Rather, the TAC seeks compensatory and punitive damages resulting from Plaintiffs' reliance upon misrepresentations made to Plaintiffs by Madoff, while he was acting under the direct or indirect control of Picower. TAC, ¶¶ 3-5, 12, 101-04 (AA102 – AA104, AA106, AA125 – AA126). Any reference to the transfer of funds to Picower's accounts in the TAC is strictly for the purpose of showing Picower's knowledge and motive, not his substantive liability. TAC, ¶¶ 12, 83, 85, 87-88, 128, 169, 187 (AA106, AA122, AA123, AA132, AA139, AA141).

Pl. Opening Br at 5.

This Complaint, then, is not the Goldman complaint. And the 2d Circuit's decision in Goldman cannot be contorted to make it applicable to this Complaint.

But the Goldman decision is important for purposes of this appeal. Specifically, the 2d Circuit's following conclusion of law is both apposite and controlling:

> [A] claim under § 20(a) is a securities fraud claim that is particularized to the injured party or parties.

Order at 7.

In other words, a Section 20(a) claim is a non-derivative claim. As such, if Appellants have asserted facts that would support a control person claim, their claim is non-derivative.

The Court's review of Appellants' briefs will show their Complaint is thoroughly distinguishable from the Goldman pleading and amply satisfies the criteria for pleading a non-derivative claim. The Bankruptcy Court's order should be reversed.

Respectfully submitted this 3rd day of July 2018.

          **CHAITMAN, LLP**

          */s/ Helen Davis Chaitman*
          Helen Davis Chaitman, Esq.
          Lance Gotthoffer, Esq.
          465 Park Avenue
          New York, New York 10022
          Telephone: 888-759-1114
          Facsimile: 888-759-1114
          hchaitman@chaitmanllp.com
          lgotthoffer@chaitmanllp.com

          *Attorneys for Plaintiffs-Appellants Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis, individually and on behalf of a class of similarly situated Plaintiffs*